UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGER DICKSON, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK and the NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>Defendant. | CIVIL ACTION<br>CASE NO:<br><br>**ACTION UNDER 29 U.S.C. § 203** *et seq.*<br><br>**COMPLAINT** |

Named Plaintiff, ROGER DICKSON ("Named Plaintiff") on behalf of himself and all other persons similarly situated, employees currently or formerly employed by The City of New York (collectively the "Putative Collective" and "Defendant") by and through their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) to recover earned but unpaid overtime compensation owed to the Putative Collective for services performed while employed by Defendants.

2. Beginning in approximately March of 2019 and continuing to the present, Defendants engaged in a policy and practice of failing to pay the Named Plaintiff and Putative Collective overtime at the proper rate for hours worked in excess of forty (40) hours in a consecutive seven day work week.

3. The Named Plaintiff has initiated this action on behalf of himself and the similarly situated members of the Putative Collective to recover the overtime compensation that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action, pursuant to the provisions of 28 U.S.C. §§ 1331, 1337, and 1343.

5. This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA, pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants' principal place of business is in this district.

7. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Defendants constitute "enterprise[s] engaged in commerce" with a gross volume of business done that is in excess of $500,000.00

## PARTIES

9. Named Plaintiff Roger Dickson is a resident of the State of New York, and a member of the American Federation of State, County and Municipal Employees, District 37, Local 983. Plaintiff Dickson has been employed by Defendant the New York City (Department of Transportation) since approximately 2007.

10. Each member of the Putative Collective is an "employee" as contemplated by the FLSA, 29 U.S.C. § 203(e).

11. Defendant, The City of New York, is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York.

12. Defendant, The City of New York, is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x).

13. Pursuant to N.Y.C. Charter § 396, the City of New York is the proper Defendant in this action.

14. Defendant is the "employer" as contemplated by the FLSA, 29 U.S.C. § 203(d).

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

16. The Putative Collective consists of the individuals who have opted-in to this action to date, as well as all similarly situated individuals who worked for Defendant who were classified by Defendant as non-exempt employees, who worked overtime and received any type of differential payment at any time since March of 2019 at such agencies including the Department of Parks and Recreation ("DPR"), and Department of Transportation ("DOT").

17. Named Plaintiff and Putative Collective members were non-exempt employees eligible to be paid for every hour worked including overtime compensation for those hours worked over forty in a week.

18. Individuals who elect to opt-in as part of the collective action are all believed to be victims of Defendant's common policy and/or plan to violate the FLSA by failing to provide overtime wages at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week pursuant to 29 U.S.C. § 207.

19. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs who comprise the proposed collective. This policy and pattern or practice includes willfully failing to pay Plaintiffs overtime at rate of one and one half times the regular rate of pay inclusive of earned differentials.

20. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all members of the putative collective.

**FACTS**

21. Pursuant to the FLSA, 29 U.S.C. 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives overtime compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

22. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

23. Named Plaintiff Dickson and similarly situated members of the Putative Collective are "employees," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

24. Defendant is an "employer" within the meaning contemplated in the 29 U.S.C. § 203(d), and consequently is liable for violations of the FLSA.

25. Defendant has engaged in a pattern and practice of failing to ensure that the Named Plaintiffs and Putative Collective members received payment for all overtime hours worked in any given week, at time and one-half their regular rate of pay.

26. In addition to their base hourly pay rate, Named Plaintiffs and Putative Collective members also receive additional monies as part of their regular rate of pay, including but not limited to, pro-rata differentials, such as longevity pay after a certain amount of years in service, night-shift differentials, and other daily assignment differentials.

27. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and its implementing regulations, *see e.g.* 29 C.F.R. § 778.208 *et seq.*, these additional differentials must be included as part of' "regular rate" of pay for purposes of calculating their overtime rate of pay.

28. However, overtime rates paid to Named Plaintiffs and Putative Collective members do not take into consideration all of the additional monies that Plaintiffs receive as part of the regular rate of pay.

29. Accordingly, overtime rates are miscalculated, and Named Plaintiff and Putative Collective members have been under-compensated at their overtime rate of pay after the first forty (40) hours worked in a week when differential were also earned and paid.

30. Named Plaintiff Dickson did not receive proper overtime payments at a rate of time and one half his regular rate of pay during weeks when he earned differentials.

31. For example, for the check issued on July 9, 2021, Named Plaintiff Dickson received pre-tax gross wages of $3,806.40 for 80 hours of regular time, and $142.76 for 2 hours of overtime. This equates to a regular rate of pay of $47.58 per hour, and an overtime rate of $71.38 per hour.

32. However, for the subject pay period Dickson was also paid an additional $133.21 for "hourly night shift differential," along with $42.83 for "hourly night shift differential for sat, sun & hol". Pursuant to 29 C.F.R. § 778.208, these differentials "must be included with other earnings to determine the true regular rate on which overtime pay must be based."

33. Accordingly, these $176.04 in differential payments, when divided by the 42 hours worked by Dickson during the pay period, constituted a payment of $4.19 per hour worked during the pay period, which would increase Dickson's regular rate of pay from $47.58 to $51.77 per hour. Dickson's overtime rate of pay should have been 1.5 times this $51.77 per hour rate, or

$77.65, instead of the $71.38 rate he actually received for one and a half hours of overtime. Accordingly, for the paycheck issued on July 9, 2021, Dickson is owed $6.27 per overtime hour.

34. Throughout the relevant period, Defendant has undertaken a willful policy and practice of violating the FLSA by failing to pay Named Plaintiff and members of the Putative Collective overtime at time and one-half their regular rate of pay for all hours worked over 40 in a week, inclusive of earned differentials.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT: INCORRECT OVERTIME RATE

35. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

36. Defendant has repeatedly engaged in a pattern and practice of failing to pay Named Plaintiff and other members of the Putative Collective all earned overtime wages at the rate of one and one half time the regular rate of pay inclusive of earned differentials.

37. Pursuant to 29 C.F.R. § 778.209, "[w]here a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation."

38. Differentials such as pro-rata differentials, longevity pay after a certain amount of years in service, night-shift differentials, daily assignment differentials, and other additional cash payments constitute bonus payments within the regular rate of pay, as defined in the FLSA, implementing regulations, and the cases interpreting the same.

39. Defendant has violated the Fair Labor Standards Act by failing to pay all earned overtime wages, at the rate of one and one-half times their regular rate of pay, in weeks in which Named Plaintiff and Putative Collective members worked over forty (40) hours and were paid a differential.

40. The failure of Defendant to pay the Named Plaintiff and members of the Putative Collective their rightfully owed overtime compensation was willful.

41. For the foregoing reasons, Defendant is e liable to Plaintiffs and members of the Putative Collective in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages owed each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Plaintiffs demand judgment:

(1) on their First cause of action, in an amount to be determined at trial, constituting the amount equal to the amount of earned but underpaid overtime wages each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, liquidated damages, attorneys' fees, and costs; and

(2) any other and further relief the Court may deem appropriate.

Dated: New York, New York
March 17, 2022

VIRGINIA & AMBINDER, LLP

By: ___/s/Lloyd Ambinder, Esq._____
Lloyd Ambinder, Esq.
James Emmet Murphy, Esq.
Michele Moreno, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080

*Attorneys Plaintiffs and the Putative Collective*