```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ROGER DICKSON, individually and on behalf of all                 :
other persons similarly situated,                                :
                                                                 :
                              Plaintiffs,                        :     22-cv-2207 (LJL)
                                                                 :
              -v-                                                :     OPINION AND ORDER
                                                                 :
THE CITY OF NEW YORK,                                            :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/16/2023

LEWIS J. LIMAN, United States District Judge:

Defendant City of New York ("Defendant" or "City of New York") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the amended complaint (the "Complaint") filed against it by Plaintiff Roger Dickson ("Plaintiff" or "Dickson"). Dkt. No. 29.

## BACKGROUND

### I. The Allegations of the Complaint

Dickson has been employed by the City of New York since approximately 2007. Dkt. No. 8 ¶ 9. He is a member of the American Federation of State, County and Municipal Employees, District 37, Local 983. *Id.* He brings this action putatively on behalf of all individuals who have opted-in to the action to date, as well as all similarly situated individuals who worked for Defendant and were classified by Defendant as non-exempt employees who worked overtime and received any type of differential payment at any time since March 2019 at such agencies, including the Department of Parks and Recreation ("DPR") and the Department of Transportation ("DOT"). *Id.* ¶ 16. Plaintiff claims, in addition to his regular base pay, he and other members of the putative collective, also received additional monies as part of their regular

rate of pay, including but not limited to pro-rata differentials, such as longevity pay after a certain number of years in service, night-shift differentials, and other daily assignment differentials. *Id.* ¶ 26. He claims that FLSA overtime, which must be calculated at one and one-half times the employee's regular rate of pay, are miscalculated by Defendant. *Id.* ¶ 29. Although Defendant takes into account the regular base pay of an employee, Defendant does not take into consideration all of the additional monies that employees receive as part of their regular rate of pay. *Id.* ¶ 28. Accordingly, when differential pay was also earned and paid, he and other members of the collective are undercompensated at their overtime rate of pay after the first forty hours worked in a week. *Id.* ¶ 29.

As to Dickson himself, he alleges that he did not receive proper overtime payments at a rate of time and one half his regular rate of pay during weeks when he earned differentials. *Id.* ¶ 30. He identifies a single example. For the check issued on July 9, 2021, he received pre-tax gross wages of $3,806.40 for eighty hours of regular time, and $142.76 for two hours of overtime, equating to a regular rate of pay of $47.58 per hour and an overtime rate of $71.38 per hour. *Id.* ¶ 31. However, he claims that for that same time period, he was paid an additional $133.21 for "hourly night shift differential" along with $42.83 for "hourly night shift differential for sat, sun & hol." *Id.* ¶ 32. Plaintiff then includes the following calculation: Dividing these differential payments by the forty-two hours worked by Dickson during the pay period yields a figure of $4.19 per hour, which when added to Dickson's regular rate of pay would increase it from $47.58 to $51.77 per hour. *Id.* ¶ 33. Dickson concludes that his overtime rate of pay should have been one and a half times this $51.77 per hour rate, or $77.65, instead of the $71.38 rate he actually received for one and a half hours of overtime and that for the paycheck issued on July 9, 2021, he is owed $6.27 per overtime hour. *Id.* ¶ 33.

Based on those allegations, Dickson brings a single claim under FLSA for failure to pay him and other members of the putative collective all earned overtime wages at the rate of one and one half times the regular rate of pay, inclusive of earned differentials. *Id.* ¶¶ 35–41.

## II. The Drayton Matter

This case grows out of a collective action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, pending elsewhere in this District, *Drayton v. City of New York*, 18 Civ. 10138 (ALC) (SDA). *Drayton* contains identical allegations to those here.

On May 12, 2020, the *Drayton* Court issued an opinion and order denying Defendants' motion to dismiss. 18 Civ. 10138, Dkt. No. 102.

On November 3, 2020, Magistrate Judge Aaron, to whom the case was assigned for pretrial purposes, granted in part and denied in part Plaintiffs' motion to conditionally certify a FLSA collective and conditionally certify a FLSA collective. 18 Civ. 10138, Dkt. No. 126. The deadline for individuals to file forms consenting to join in that action was April 2, 2021; the City of New York consented to the addition of a handful of plaintiffs who filed consent to join forms as late as April 30, 2021.

Discovery has been completed in *Drayton* and a motion for summary judgment by the City of New York is pending. 18 Civ. 10138, Dkt. No. 184.

## PROCEDURAL HISTORY

Dickson filed this action through counsel on March 17, 2022, on behalf of those who had submitted untimely consent to join forms in *Drayton*. Dkt. No. 1. He did so based on the initial understanding of his consent that his consent to join *Drayton* was filed untimely. That understanding turns out to have been mistaken. Dickson is a member of the FLSA collective in *Drayton*. On April 7, 2022, seven additional individuals—including proposed named Plaintiff Joseph Stanley—filed consent to join forms in this action. Dkt. No. 16. Between April 7, 2022

3

and June 14, 2022, six additional individuals filed consent to join forms in this action. Dkt. Nos. 17, 21, 23, 24. Of those, two (opt-ins Jean Casseus and Rudolph Martinez) are members of the *Drayton* collective. The remainder apparently did not timely file motions to join in that action.

Defendant filed this motion to dismiss along with a supporting declaration and memorandum of law on July 8, 2022. Dkt. Nos. 29, 31, 32. Defendant filed a memorandum of law in opposition to the motion along with a supporting declaration on September 9, 2022. Dkt. Nos. 41, 42. On October 3, 2022, Defendant filed a reply memorandum of law. Dkt. No. 45.

## DISCUSSION

Defendant makes two principal arguments in support of its motion to dismiss the Complaint: (1) the action is impermissibly duplicative of *Drayton* in which Plaintiff is already a party; and (2) the Complaint fails to contain sufficient allegations to state a claim for relief under FLSA. Dkt. No. 32 at 4–11. Both arguments are well-founded.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. The ultimate question is whether "[a] claim has facial plausibility, [*i.e.*,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Put another way, the plausibility requirement "calls for enough fact to raise a

reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

Defendant first argues that the Complaint is impermissibly duplicative of *Drayton*, an action in which Plaintiff is already a party. Dkt. No. 32 at 4–6. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). "[A] court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Id.* "[S]imple dismissal of the second suit is . . . [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138–39. The rule against duplicative litigation "borrows" from the doctrine of claim preclusion. *Davis v. Norwalk Economic Opportunity Now Inc.*, 534 F. App'x 47, 48 (2d Cir. 2013). It looks to whether the two lawsuits arise from the same nucleus of operative fact and "whether the second suit raises issues that should have been brought in the first." *Id.* (quoting *Curtis*, 226 F.3d at 139–40). Whether a suit is duplicative of another action depends on whether "there is privity[] between the parties in the first- and second-filed actions . . . . [and] whether 'the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit.'" *Ming En Wang v. Haiying Ren*, 2023 WL 1977233, at *1 (2d Cir. Feb. 14, 2023) (quoting *Curtis*, 226 F.3d at 139).

Plaintiff does not dispute that the claims asserted by him in this case are identical to those asserted on his behalf in *Drayton* and that his claims should be dismissed without prejudice to him pursuing the claims in *Drayton*. Dkt. No. 41 at 2. He concedes that "[t]he claims asserted in this action are identical in every way to those asserted in the *Drayton* action" and that "this

5

action was solely filed to allow claims to be asserted by individuals who had not timely filed consent to join forms in the *Drayton* action." *Id.* The two complaints assert the same claims against the same defendant arising from the same facts; the only difference are the specific facts asserted on behalf of the named plaintiff. *Compare* Dkt No. 8 *with* 18 Civ. 10138, Dkt. No. 84. It is not disputed that Dickson signed a valid and timely consent to join the *Drayton* lawsuit. Dkt. No. 31-1. He thereby became a party plaintiff. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). It is therefore appropriate to dismiss the Complaint without prejudice to Plaintiff pursuing his claims in *Drayton*.

Defendant's second argument is that the allegations of the Complaint fail to state a claim for relief. Given the disposition of this case, discussed below, it is appropriate for the Court to reach that issue for the guidance of the parties. To state a FLSA overtime compensation claim, a plaintiff must allege both that she worked at least forty hours in a work week and that he was denied "overtime pay in any such particular week." *Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106, 114–15 (2d Cir. 2013). Plaintiff fails to satisfy that pleading burden. Although he alleges that for a particular two-week pay period, he worked eighty hours of regular time and two hours of overtime and that for that same pay period he also received pay differentials which were not included in his overtime pay, he does not allege that he received the pay differentials in the weeks during which he worked more than forty hours. Dkt. No. 8 ¶¶ 31–32. While Paragraph 33 of the Complaint asserts that the $176.04 in differential payments received by Plaintiff over that two-week period would constitute a payment of $4.19 per hour worked during the pay period "when divided by the 42 hours worked by Dickson during the pay

6

pay period," *id.* ¶ 33, that is a mere mathematical exercise.  It is not an allegation that there was a week of 42 hours that also included pay differentials.  Tellingly, Plaintiff does not allege a single week in which he both worked overtime and in which he received pay differentials.  He therefore has not alleged that Defendant compensated him on the basis of an incorrect overtime rate.  *See Murray v. City of New York*, 2017 WL 3531552, at *2–3 (S.D.N.Y Aug. 16, 2017) (dismissing claims of plaintiffs who did not allege overtime hours that were covered by the nightshift differential).[1]

     Plaintiff argues that he should be permitted to file a second amended complaint substituting another alleged City of New York employee, Joseph Stanley, for Dickson.  Dkt. No. 41 at 2.  Stanley apparently is not a member of the *Drayton* collective and thus would not be barred by the rule against duplicative litigation from pursuing a claim against the City of New York.  *See generally Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498 (2d Cir. 2019) (discussing privity requirement).  However, as Defendant points out, because Plaintiff has already amended the complaint once in this action, he is no longer entitled to amend as of right.  Dkt. No. 45 at 2; Fed. R. Civ. P. 15(a)(1).  He must obtain consent of Defendant or leave of the Court.  *See* Fed. R. Civ. P. 15(a)(2).  He has not obtained consent, nor has he made a motion for leave to amend.  Defendant argues that the action should be dismissed in its entirety both because the Court lacks subject matter jurisdiction and because the proposed second amended complaint fails to state a claim for relief.  *See generally* Dkt. No. 45.  The case cited by

---

[1] Plaintiff argues that the Court should reject Defendant's arguments for dismissal based on Judge Carter's decision denying the motion to dismiss in *Drayton*.  *See* 18 Civ. 10138, Dkt. No. 102.  But Judge Carter did not address the issue presented here.  The Court therefore has no occasion to address the impact that a decision in *Drayton* would have on the claims of persons who assert identical claims but are not part of the *Drayton* collective.  *Cf. Smith v. Bayer Corp.*, 564 U.S. 299, 313–17 (2011) (holding that usual rules of preclusion do not bar relitigation of issues by putative class members not members of a putative class).

Defendant, however, does not support the proposition that the Court lacks power to substitute one member of a collective for another when the first member of the collective's claim is duplicative and where the second member already has filed a consent to join.[2] And the proposed second amended complaint is not before the Court. Accordingly, the Court has no occasion to prejudge the sufficiency of that complaint or any other arguments that Defendant might raise in support of dismissal.

## CONCLUSION

For the reasons stated, Defendant's motion to dismiss is granted and the Complaint is dismissed without prejudice to Dickson pursuing his claim in *Drayton* and without prejudice to the filing of a motion for leave to amend on behalf of another putative member of the collective action within thirty days of the date of this Opinion and Order. If a motion to amend is not filed within thirty days of the date of this Opinion and Order or such subsequent date that the Court upon motion shall order, the action will be dismissed with prejudice.

---

[2] The rule against duplicative litigation is based on a court's power to manage its docket and not on the existence of subject matter jurisdiction; a court has authority to stay a duplicative lawsuit or to consolidate it rather than to dismiss it. *Curtis*, 226 F.3d at 138. The sole case relied upon by Defendant, *Ndrecaj v 4A Kids LLC*, 2017 U.S. Dist. LEXIS 101537 (S.D.N.Y. June 28, 2017), does not support its argument. In *Ndrecaj*, Judge Nathan held that the court lacked subject matter jurisdiction over a FLSA complaint where the sole plaintiff had asked to withdraw the complaint and there were no opt-ins. Judge Nathan relied, in part, upon the Supreme Court's decision in *Genesis Healthcare Corp.*, 569 U.S. 66, 73 (2013), in which the Supreme Court held that "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." The Supreme Court held: "In the absence of any claimant's opting in, respondent's suit became moot when here individual claim became moot, because she lacked any personal interest in representing others in this action." *Id.* In this case, by contrast, others have opted in.

The motion to dismiss is GRANTED without prejudice. The Clerk of Court is respectfully directed to close Dkt. No. 29.

SO ORDERED.

Dated: February 16, 2023
       New York, New York                                LEWIS J. LIMAN
                                                         United States District Judge

9